**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| STEAK N SHAKE INC. (F/K/A STEAK N SHAKE OPERATIONS, INC.),<br><br>    Plaintiff,<br>v.<br><br>FORTRESS INVESTMENT GROUP LLC,<br><br>    Defendant. | Case No. 1:21-cv-508 |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Fortress Investment Group LLC, a Delaware limited liability company ("Fortress"), hereby removes the state court action styled *Steak n Shake Inc. (f/k/a Steak n Shake Operations, Inc.) v. Fortress Investment Group LLC*, Case No. 49D03-2102-PL-005837, filed in the Superior Court of Marion County, Indiana. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. In further support of its removal, Fortress states as follows:

## BACKGROUND

1. On February 19, 2021, Plaintiff Steak n Shake Inc. (f/k/a Steak n Shake Operations Inc.) ("Steak n Shake"), filed its Complaint in the Superior Court of Marion County, Indiana. (*See* Exhibit 2, Compl.)

2. In the Complaint, Steak n Shake generally alleges that Fortress breached a confidentiality agreement with Steak n Shake by, among other things, allegedly "obtain[ing] sensitive and confidential business information from Streak n Shake after agreeing not to use

that information to disadvantage [Steak n Shake] or for any other reason than to consider a potential real estate deal[ ]" and allegedly subsequently "us[ing] that confidential information to acquire a majority of Steak n Shake's outstanding debt with the intent of acquiring [Steak n Shake]." (Ex. 2, Compl. ¶ 1.)

3. In the Complaint, Steak n Shake seeks, among other things, damages caused by Defendant's alleged breach of contract, including the additional cost of retiring its loans, and certain costs and fees. While Steak n Shake's Complaint does not expressly identify the total amount of damages sought in the lawsuit, the Complaint alleges that Steak n Shake repurchased loans held by Fortress and remaining outstanding lenders "for a total amount of $102,271,683.52" and that Fortress's "scheme has cost Steak n Shake millions of dollars[.]" (*Id*., ¶¶ 1, 62.)

4. Fortress vehemently denies the allegations in the Complaint, which are factually and legally baseless. Fortress will respond to the Complaint in detail soon, but the sole issue presented here is whether removal is proper due to diversity jurisdiction. It is.

## **TIMELINESS OF REMOVAL**

5. Fortress was served with a copy of the Complaint and Summons in this action on February 23, 2021.

6. Accordingly, this Notice of Removal is being filed within thirty (30) days of service of the receipt of service, and thus is timely filed pursuant to 28 U.S.C. § 1446(b).

## **VENUE**

7. This action was originally filed in the Superior Court of Marion County. As such, venue lies in the Southern District of Indiana under 28 U.S.C. §§ 1441(a) and 1446(a).

## **DIVERSITY JURISDICTION**

8. This Court has jurisdiction over this matter, and it is properly removed in accordance with 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction.

9. Section 1441(a) allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

10. One such basis is diversity jurisdiction. For diversity jurisdiction to exist, the action must be between citizens of different States and the amount in controversy in the action must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). This action meets those requirements.

**A.    Diversity of Citizenship Exists Under 28 U.S.C. § 1332(a).**

11. Complete diversity of citizenship exists between Steak n Shake and Fortress. 28 U.S.C. § 1332(a).

12. Steak n Shake is an Indiana corporation with its principal place of business located in Indianapolis, Indiana. (Ex. 2, Compl. ¶ 17.)

13. Fortress is a Delaware limited liability company, with its principal place of business located at 1345 Avenue of the Americas, 46th Floor, New York, New York 10105. (*Id.*, ¶ 18.)

14. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

15. Fortress is not a citizen of Indiana for purposes of diversity jurisdiction.[1]

   a. The sole member of Fortress is a Delaware limited liability company ("LLC 1").

   b. The sole member of LLC 1 is a Delaware limited liability company ("LLC 2").

   c. The sole member of LLC 2 is a Delaware limited liability company ("LLC 3").

   d. The sole member of LLC 3 is a Cayman Islands limited partnership ("LP 1").

   e. The sole limited partner of LP 1 is a Cayman Islands limited partnership ("LP 2").

   f. The sole limited partner of LP 2 is a Cayman Islands limited partnership ("LP 3").

   g. The limited partners of LP 3 are a corporation ("Corporation 1") and a Cayman Islands limited partnership ("LP 4").

   h. The sole general partner of LP 1, 2 and 3 is a Cayman Islands limited liability company ("LLC 4").

   i. The sole member of LLC 4 is a Cayman Islands limited liability company ("LLC 5").

   j. The sole member of LLC 5 is Corporation 1.

   k. Corporation 1 is incorporated in Japan and has its principal place of business in Japan.

---

[1] To demonstrate that Fortress is not considered a citizen of Indiana for diversity jurisdiction purposes, Fortress provides the information included in Paragraph 15(a) through (v). To the extent the Court requires the specific names of the limited liability companies, partnerships, individuals, and company referenced to determine whether diversity jurisdiction exists, Fortress is willing to provide such identification under seal.

l. The limited partners of LP 4 are two Cayman Islands limited partnerships ("LP 5" and "LP 6").

m. The sole limited and general partner of LP 5 is a Cayman Islands limited partnership ("LP 7").

n. The sole member of LP 7 is a Cayman Islands limited liability company ("LLC 6").

o. The sole member of LLC 6 is a Cayman Islands limited liability company ("LLC 7").

p. The sole members of LLC 7 are two individuals ("Individual 1" and "Individual 2").

q. Individual 1 is domiciled in the United Arab Emirates and is not a citizen of Indiana.

r. Individual 2 is domiciled in the United Arab Emirates and is not a citizen of Indiana.

s. The sole limited partner of LP 6 is a Cayman Islands limited partnership ("LP 8").

t. The sole member of LP 8 is a Cayman Islands limited liability company ("LLC 8").

u. The sole member of LLC 8 is a Cayman Islands limited liability company ("LLC 9").

v. The sole members of LLC 9 are Individual 1 and Individual 2.

As reflected above, no relevant company, partnership, individual, or corporation is a citizen of Indiana.

16. As no member of Fortress is a citizen of Indiana, complete diversity exists between the parties, and the diversity of citizenship requirement is satisfied. 28 U.S.C. § 1332(a).

**B.     The Amount in Controversy Exceeds $75,000**

17. The amount in controversy exceeds $75,000.

18. Even without specific dollar amounts attached to its claim, it is clear from the face of Steak n Shake's Complaint that the amount-in-controversy exceeds $75,000. In the first paragraph of its Complaint, Steak n Shake alleges that Fortress's alleged "scheme has cost Steak n Shake millions of dollars . . . ." (Ex. 2, Compl., ¶ 1.) Specifically, Steak n Shake alleges that Fortress "drove up" the cost that Steak n Shake was required to pay to retire its (approximately $100 million) outstanding loans. (*See generally*, *id*.)  Steak n Shake also alleges that it was forced "to incur significant professional fees that it would not have incurred but for Fortress's attempt to take over the business." (*Id*., ¶ 63.)

19. From the face of Steak n Shake's Complaint, it is clear that (while Fortress denies the allegations against it) the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL**

20. Consistent with 28 U.S.C. § 1446, Fortress provides this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

21. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court docket sheet, all pleadings, motions, orders and other filings, organized in chronological order by the state court filing date are attached to this Notice of Removal as ***Exhibit 1***.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, is being served upon counsel for Steak n Shake and a copy of this Notice of Removal, with all exhibits, is being filed with the Clerk of the Superior Court of Marion County.

23. Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the operative Complaint in this matter, with the related exhibit, is attached hereto as ***Exhibit 2***.

24. A civil cover sheet is attached hereto as ***Exhibit 3***.

25. Fortress has complied with all applicable local rules for the Southern District of Indiana regarding this Notice of Removal.

## **CONCLUSION**

26. In sum, there is (1) complete diversity exists between the parties; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) the procedural requirements for removal have been met.

27. Accordingly, Fortress hereby removes this action to this Court and respectfully requests that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

ICE MILLER LLP

*/s/ George A. Gasper*
Philip A. Whistler, Atty. No. 1205-49
George A. Gasper, Atty. No. 24466-41
Samuel B. Gardner, Atty. No. 32825-29
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2300

*Attorneys for Defendant Fortress Investment Group LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 4, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and a copy of same was served via first class U.S. Mail, addressed to:

> Andrew J. Detherage
> Kelsey C. Dilday
> Barnes & Thornburg LLP
> 11 South Meridian Street
> Indianapolis, IN 46204

*/s/ George A. Gasper*
George A. Gasper